IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Wayne Redzinak,<br><br>       Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>       Respondents. | No. CV-15-0064-TUC-JGZ- LCK<br><br>**REPORT AND RECOMMENDATION** |

      Petitioner Joshua Wayne Redzinak, presently serving probation in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation.[2] Before this Court are the Petition (Doc. 1) and Respondents' Answer (Doc. 17). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the Petition on the ground that it is time-barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

      In the Superior Court of Pima County, Petitioner pled guilty to attempted sexual assault and kidnapping. (Doc. 17, Ex. C.) On July 3, 2012, Petitioner was sentenced to

---

[1] Petitioner is "'in custody' within the meaning of habeas jurisdiction while he remains on probation." *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005).

[2] This case was referred to the current Magistrate Judge on May 10, 2016. (Doc. 19.)

3.5 years imprisonment on one offense and a consecutive 7-year probation period for the other offense. (Doc. 17, Ex. D.)

On October 27, 2014, Petitioner filed a *pro se* request for sentence modification. (Doc. 17, Ex. E.) The trial court denied his request, holding that it lacked legal cause. (Doc. 17, Ex. F.) On January 14, 2015, Petitioner filed a Notice of Post-Conviction Relief (PCR), asserting that the Notice was not untimely because it claimed a constitutional violation that was only recently brought to his attention. (Doc. 17, Ex. G.) On January 20, 2015, Petitioner filed a PCR Petition. (Doc.17, Ex. H.) The trial court dismissed the Notice and Petition for PCR on February 5, 2015. (Doc. 17, Ex. I.)

On February 19, 2015, Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 17, Ex. J.) The court of appeals granted review but denied relief, holding that Petitioner's Notice of PCR was untimely and that "a defendant's later realization that he may have had a viable post-conviction claim does not permit him to raise it in an untimely proceeding." (Doc. 17, Ex. K at ¶ 4-5.) Furthermore, the court stated that "even if [Petitioner] were correct that his sentence is illegal, that fact would not create a jurisdictional defect that may be raised in an untimely proceeding." (*Id*. at ¶ 5.)

On February 10, 2015, Petitioner submitted the Petition for Habeas Corpus in this Court asserting in one claim that his sentence was imposed in violation of the double jeopardy clause. (Doc. 1.) The State filed a limited Answer to the Petition on July 13, 2015. (Doc. 17.) Petitioner did not file a reply.

## DISCUSSION

Respondents argue that Petitioner's Habeas Petition is time-barred because it violates the statute of limitations.

### Statute of Limitations and Statutory Tolling

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-

year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In applying (d)(1)(A), the Court must assess when direct review of Petitioner's conviction became final. By pleading guilty, Petitioner waived his right to file a direct appeal and his only option was to file a PCR Petition pursuant to Rule 32. Ariz. R. Crim. P. 17.2(e). In *Summers v. Schriro*, the Ninth Circuit held that a Rule 32 of-right proceeding is a form of direct review, and so the "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and the review of that proceeding, or until the expiration of the time for seeking such proceeding or review." 481 F.3d 710, 711 (9th Cir. 2007). Petitioner was sentenced on July 3, 2012, and had 90 days to initiate post-conviction proceedings, or until October 1, 2012. Ariz. R. Crim. P. 32.4(a). Petitioner did not file a Notice of PCR by that date. Thus, the judgment against Petitioner became final for purposes of § 2244(d)(1)(A) on October 1, 2012. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (assessing § 2244 finality in light of the Arizona rules); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001). The statute of limitations provided by (d)(1)(A) began to run on October 2, 2012.

Petitioner argues he was not aware of the sentencing claim raised in his Habeas Petition until October 2014. Therefore, the Court evaluates whether (d)(1)(D) triggers a

later limitations period. The Court must assess the date on which the factual predicate of the claim presented could have been discovered through due diligence. The statute of limitations begins to run when the prisoner knows the important facts of his claim, not when he recognizes they are legally significant. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001) (holding that a prisoner has knowledge of the "factual predicate" of a claim when he could have discovered the relevant facts); *see also Murillo v. Dexter*, No. CV-08-2344-GHK(CT), 2008 WL 2620177, at *1 (C.D. Cal. July 2, 2008) (stating that petitioner's ignorance of the law is not a basis for delaying the statute of limitations under § 2244(d)(1)(D)). Petitioner's double jeopardy claim is premised on the elements of his crimes and the sentences imposed. Therefore, he necessarily became aware of the relevant facts of his claim at his sentencing, on July 3, 2012. Applying (d)(1)(D), the limitations period would have begun running the next day. Because the limitations period under subsection (A) began later, on October 2, 2012, § 2244(d) identifies that as the start of the limitations period. Absent tolling, his limitations period expired on October 2, 2013.

28 U.S.C. § 2244(d)(2) provides that the time during which "a properly filed application for State's post-conviction review" is pending shall not be counted toward any period of limitation. However, an untimely state post-conviction petition is not "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Petitioner's PCR proceeding initiated on January 14, 2015, was untimely and, therefore, not properly filed. Additionally, a petition filed after the expiration of the federal statute of limitations does not toll the limitations period. *Id.* at 418; *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). (holding that even a timely state petition filed after the expiration of the federal statute of limitations does not reinstate the federal period). For both of these reasons, Petitioner's PCR proceeding did not toll the limitations period.

Petitioner's PCR proceeding did not entitle him to statutory tolling, therefore, the limitations period expired on October 2, 2013. Petitioner did not file his Petition for Writ

- 4 -

of Habeas Corpus until February 10, 2015. Because Petitioner filed his Petition more than one year after the statute of limitations expired, the Petition is statutorily time-barred.

**Equitable Tolling**

Petitioner has not argued an entitlement to equitable tolling. However, based on the state court record, the Court evaluates whether tolling is warranted. Petitioner bears the burden of showing that equitable tolling is appropriate. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Generally, a litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. The diligence required for tolling is "reasonable diligence" as opposed to "maximum feasible diligence." *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). The effort needed is that expected of a reasonable person under those particular circumstances. *Id*. at 1015. Furthermore, the petitioner must show that the extraordinary circumstances were the cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003)).

In state court, Petitioner argued that he promptly filed a Notice of PCR after learning that he had an (alleged) constitutional claim regarding his sentence. Petitioner asserts that he became aware of this claim in October 2014 and filed his Notice of PCR in January 2015. (Doc. 1.) However, Petitioner fails to show that he diligently pursued his rights because he waited over three years to bring his post-conviction claim.

Additionally, Petitioner must show that an extraordinary circumstance prevented him from timely filing in this Court. Although Petitioner argues that he was not aware of his legal claim until October 2014, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry*, 448 F.3d at 1154; *see Ford v. Gonzales*, 683 F.3d 1230, 1236 (9th Cir. 2012) (holding that the factual predicate of petitioner's claims could have been discovered at trial through the exercise of due diligence; thus, he was not entitled to equitable tolling); *Cf. McAuley v. Ryan*, No. CV-14-01756-PHX-SPL, 2015 WL 4594521, at *15 (D. Ariz. July 30, 2015)

(stating that a petitioner's misunderstanding did not make it impossible for him to file but only made him "wrongly decide that a filing would be futile"). Additionally, Petitioner never filed a Reply to the State's Answer to his Petition. Thus, he did not articulate any reasons for his failure to timely file.

Petitioner has neither established that he diligently pursued his rights nor that extraordinary circumstances prevented him from filing his Petition in this Court. Therefore, he is not entitled to equitable tolling and the Petition is time-barred.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus as untimely.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-15-0064-TUC-JGZ.**

Dated this 27th day of July, 2016.

Honorable Lynnette C. Kimmins
United States Magistrate Judge